UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COLBY D. DURST, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   No. 4:20-cv-01257-RLW |
| MISSOURI DEPARTMENT OF CORRECTIONS WESTERN RECEPTION DIAGNOSTICS CORRECTIONAL CENTER, et al., | ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of the civil complaint filed by self-represented litigant Colby D. Durst pursuant to 28 U.S.C. § 1915. (Docket No. 1). For the reasons discussed below, the Court will transfer this action to the United States District Court for the Western District of Missouri.

**Background**

Plaintiff is a self-represented litigant currently incarcerated at the Farmington Correctional Center in Farmington, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983. His complaint names the Missouri Department of Corrections Western Reception Diagnostics Correctional Center (WRDCC) and Correctional Officer Unknown Karlin as defendants. Karlin is alleged to be an employee of the WRDCC and is sued in his official capacity only. (Docket No. 1 at 3). In the complaint, plaintiff alleges that the WRDCC failed to keep him safe from harm by not following the written lay-ins from the healthcare provider. (Docket No. 1 at 4). He further accuses Officer Karlin of failing to keep him from falling down the stairs while at WRDCC. (Docket No.

1 at 5). Along with the complaint, plaintiff has also filed a motion for leave to proceed in forma pauperis and a motion for appointment of counsel. (Docket No. 2; Docket No. 3).

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, alleging that the WRDCC has not followed his medical lay-ins, and that Officer Karlin allowed him fall down the steps. However, plaintiff has not properly alleged venue in this Court. Venue over civil actions properly lies only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If venue is improper, the Court must either dismiss the action or, in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

In the instant action venue properly lies in the Western District of Missouri. Plaintiff's allegations concern incidents that took place at the WRDCC, which is located in St. Joseph, Missouri. St. Joseph is in Buchanan County, which is part of the St. Joseph Division of the Western District. *See* 28 U.S.C. § 105(b)(3). Thus, the events giving rise to the complaint occurred in the Western District. Furthermore, there is no indication that Officer Karlin lives in the Eastern District of Missouri, nor is there any indication that any part of plaintiff's case took place here. Venue is therefore improper in this Court.

As noted above, if venue is improper, the Court can either dismiss the action or transfer the action to the proper district. Because plaintiff is a self-represented litigant, this action will be transferred to the United States District Court for the Western District of Missouri. Plaintiff's

motion for leave to proceed in forma pauperis and his motion for appointment of counsel will remain pending for review by the Western District.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall transfer this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1406(a).

Dated this 17th day of September, 2020

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

3